**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Roosevelt Dewayne Rogers,<br><br>Plaintiff,<br><br>v.<br><br>Hennepin County Adult Detention Center,<br><br>Defendant. | Case No. 16-cv-1981 (SRN/HB)<br><br><br>**REPORT AND RECOMMENDATION** |

HILDY BOWBEER, United States Magistrate Judge

Plaintiff Roosevelt Dewayne Rogers, a prisoner, commenced this action by filing a complaint seeking relief for alleged violations of his constitutional rights. He did not pay the filing fee for this case, but instead applied for *in forma pauperis* ("IFP") status. [Doc. No. 2.] In an order dated June 30, 2016, Rogers was ordered to pay an initial partial filing fee of $11.02, failing which it would be recommended that this matter be dismissed without prejudice. *See* 28 U.S.C. § 1915(b).

Rogers has not paid the initial partial filing fee as previously ordered. He has, however, submitted three additional documents to the Court, which this Court will discuss in turn.

First, Rogers has submitted a new IFP application that largely accords with his previous application, but also shows that he has no money available in his jail trust account from which to pay the initial partial filing fee ordered by this Court. [Doc. No. 6.] Because Rogers has "has no assets and no means by which to pay the initial partial filing fee," 28 U.S.C. § 1915(b)(4), this Court will proceed to screening this action under 28 U.S.C.

§ 1915A without prior payment of the initial partial filing fee by Rogers. Nevertheless, the balance of the $350.00 statutory filing fee will have to be paid by Rogers in later installments.[1] Jail officials are authorized to deduct funds from Rogers's trust account and submit such funds to the Court, as provided by § 1915(b)(2).

Second, Rogers has moved to amend his complaint. [Doc. No. 4.] Under Rule 15(a)(1) of the Federal Rules of Civil Procedure, a party may amend his pleading once as a matter of course before service of process has been effected. The summons has not yet been issued in this matter, and thus Rogers's motion to amend is unnecessary. Rogers does not need permission of the Court to amend his complaint. The motion to amend may be denied as moot, and the amended complaint filed at Doc. No. 5 is the operative pleading.

Third, the Court has screened the amended complaint pursuant to § 1915A and finds that it fails to state a claim on which relief may be granted. Accordingly, it the Court recommends that this matter be summarily dismissed.

In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they

---

[1] The statutory filing fee for new actions commenced in a federal district court is $350.00. 28 U.S.C. § 1914(a). On May 1, 2013, the district courts began to assess an additional $50.00 administrative fee, raising the total fee to $400.00. The Prison Litigation Reform Act, however, applies only to the statutory filing fee. Thus, Rogers will be required to pay the unpaid balance of the $350.00 statutory filing fee, not the $400.00 total fee, in installments pursuant to § 1915(b)(2).

must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

There are both technical and substantive problems with Rogers's amended complaint. To begin, Rogers names only the Hennepin County Adult Detention Center as a defendant to this action under 42 U.S.C. § 1983. But county jails are not legal entities amenable to suit under § 1983. *See De La Garza v. Kandiyohi County Jail*, 18 Fed. App'x 436 (8th Cir. 2001) (per curiam). This action cannot proceed without a legally cognizable defendant named in the operative pleading. This alone is a basis for dismissal of this action, especially as it is now Rogers second unsuccessful attempt to name a cognizable defendant.[2]

Even leaving that problem aside, however, the amended complaint is substantively deficient as well. Rogers alleges that the jail where he is incarcerated improperly failed to place another inmate on "suicide watch" upon admittance. (Am. Compl. at 5 [Doc. No. 5].) The inmate later attempted to hang himself in the presence of Rogers. (*Id.*) Rogers alleges

---

[2] Rogers's original pleading named the Hennepin County Sheriff's Department as a defendant. But sheriff's departments are not amenable to suit under § 1983, either. *See De La Garza*, 18 Fed. App'x at 437.

that this event was emotionally traumatizing and that he has been diagnosed with a mental-health condition following the incident. (*Id*.) According to Rogers, however, this condition has not been adequately treated during his detention. (*Id*.) Rogers seeks $100,000 "for pain and suffering" as a result of the incident.[3] (*Id*. at 6.)

These allegations are insufficient to state a claim on which relief may be granted. To begin, Rogers lacks standing to sue for infringements of *another* inmate's constitutional rights; that is, Rogers cannot sue because jail officials may have acted unlawfully towards someone else. Instead, Rogers must show that jail officials violated *his own* constitutional rights, either through their placement of the suicidal inmate or through their failure to treat the mental-health problems that followed.

Rogers potentially raises two claims for relief under § 1983. First, Rogers alleges that the actions of jail officials—specifically, the failure to properly segregate the suicidal inmate upon admission—inflicted emotional injuries upon him. The Court views this as a failure-to-protect claim; in effect, Rogers alleges that the prison failed to protect him from injury (indirectly) at the hands of another prisoner. *See Perkins v. Grimes*, 161 F.3d 1127, 1129 (8th Cir. 1998). "In order to establish an Eighth Amendment failure-to-protect claim, a plaintiff must show that the prison official was deliberately indifferent to a 'substantial

---

[3] Under 42 U.S.C. § 1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act . . . ." Even if this lawsuit were to survive screening, Rogers could recover only nominal and punitive damages (he does not seek declaratory or injunctive relief). *See Royal v. Kautsky*, 375 F.3d 720, 723 (8th Cir. 2004).

risk of serious harm.'" *Young v. Selk*, 508 F.3d 868, 872 (8th Cir. 2007) (quoting *Farmer v. Brennan*, 511 U.S. 825, 828 (1994)). "In doing so, a prisoner must satisfy two requirements, one objective and one subjective. The first requirement tests whether, viewed objectively, the deprivation of rights was sufficiently serious . . . . The second requirement is subjective and requires that the inmate prove that the prison official had a sufficiently culpable state of mind." *Whitson v. Stone Cnty. Jail*, 602 F.3d 920, 923 (8th Cir. 2010) (quotations and citations omitted). "In prison conditions claims, which include the failure-to-protect allegations before us, the subjective inquiry regarding an official's state of mind is one of deliberate indifference to inmate health or safety." *Id*. (quotation omitted). "An official is deliberately indifferent if he or she actually knows of a substantial risk and fails to respond reasonably." *Id*.

    Rogers's allegations, even when assumed true, do not satisfy the subjective requirement. In the context of this case, Rogers would have to show not only that jail officials knew or should have known that the other inmate was suicidal, but also knew or should have known that this threat of suicide might inflict injuries upon other prisoners. Nothing in the amended complaint establishes a plausible inference that jail officials acted with the requisite state of mind. At most, Rogers has alleged that intake staff were negligent in their placement of the suicidal inmate with the general population, but "[n]egligence on the part of [a defendant] is not sufficient to establish that he acted with deliberate indifference." *Pagels v. Morrison*, 335 F.3d 736, 740 (8th Cir. 2003). Rogers has therefore

not stated a failure-to-protect claim.

Second, Rogers suggests that jail officials have not provided adequate medical treatment of the emotional injuries that followed from the events at issue. This is a claim that jail officials were deliberately indifferent to his serious medical needs. Again, however, Rogers has not adequately alleged that any jail official has acted with the requisite deliberate indifference. *See Saylor v. Nebraska*, 812 F.3d 637, 644 (8th Cir. 2016) ("The subjective prong of deliberate indifference is an extremely high standard that requires a mental state of more than gross negligence. It requires a mental state akin to criminal recklessness.") (quotations and citations omitted). Indeed, Rogers raises almost no factual allegations about this claim at all, except that he has "not been medically treated." (Am. Compl. at 5.) But Rogers could have "not been medically treated" for any number of reasons, including that his emotional injuries do not require ongoing medical treatment. It is not a plausible inference to conclude, based on the lack of treatment alone, that any particular jail official has acted with deliberate indifference towards Rogers's medical needs.

This Court therefore recommends that this action be dismissed without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). As previously cautioned, Rogers must pay the unpaid balance of the statutory filing fee for this action in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court should be reminded to provide notice of this requirement to the authorities at the institution where Rogers is confined.

Based on the foregoing, and on all of the files, records, and proceedings herein **IT IS HEREBY RECOMMENDED THAT**:

1. This action be **SUMMARILY DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B)(ii).

2. Plaintiff Roosevelt Dewayne Rogers's applications to proceed *in forma pauperis* [Doc Nos. 2 and 6] be **DENIED**.

3. Rogers's motion to amend complaint [Doc. No. 4] be **DENIED AS MOOT**.

4. The Clerk of Court provide notice of Rogers's obligation to pay the unpaid balance of the statutory filing fee to the authorities at the institution where Rogers is confined.

Dated: August 24, 2016            s/ *Hildy Bowbeer*
                                  HILDY BOWBEER
                                  United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.
Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).
**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.